UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TONIO HUDSON, | ) | CASE NO. 1:13 CV 27 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., | ) ) | AND ORDER |
| Defendants. | ) ) | |

On January 7, 2013, Plaintiff *pro se* Tonio Hudson, an inmate at the Mansfield Correctional Institution, filed this 42 U.S.C. § 1983 action against the State of Ohio, the Cuyahoga County Prosecutor's Office, and Cuyahoga County Court of Common Pleas Judge Hollie L. Gallagher. The Complaint, subtitled "Private Civil Action in Rem," is unclear, but appears to challenge Hudson's 2008 convictions for murder, aggravated murder, and aggravated robbery, with firearm specifications.[1] For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A;

---

[1] These convictions are reflected in the attachments to the Complaint.

*Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Further, both judges and prosecutors are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 387 U.S. 547 (1967) (judges); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors). There is no reasonable suggestion in the Complaint that either the Cuyahoga County Prosecutor or Judge Gallagher acted outside the scope of their official duties with regard to the actions of which Plaintiff complains.

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    */s/Dan Aaron Polster 2/28/13*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE